UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| GMP INDUSTRIES, INC., ) | |
| ) | Case Nos. 03-20425-8W1 |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| GMP INDUSTRIES, INC., ) | |
| ) | ADV. NO. 04-00677-MGW |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AMERICAN EXPRESS COMPANY, ) | NYCON, INC., |
| BORAL MATERIAL TECHNOLOGY, INC., ) | PARLIAMENT STEEL PRODUCTS, INC., |
| CEMEX CEMENT, INC., ) | SOUTHDOWN, INC., k/n/a CEMEX |
| CENTRAL FLORIDA AGGREGATE, INC., ) |   CEMENT, INC., |
| COLUMBIA BLOCK, INC., ) | SUWANNEE AMERICAN CEMENT, LLC, |
| CONSTRUCTION TIRE AND ) | TARMAC AMERICA, INC., |
|   MAINTENANCE, INC., ) | VFL TECHNOLOGY CORP. |
| FLORIDA CRUSHED STONE COMPANY, ) | |
| FLORIDA ROCK INDUSTRIES, INC., ) | |
| K.W. BAXLEY, INC., ) | |
| KRETE INCORPORATED, ) | |
| KWI INDUSCO, INC., ) | |
| LAFARGE FLORIDA, INC., k/n/a FLORIDA ) | |
|   CEMENT, INC., ) | |
| MARGIE WOOD TRUCKING, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT K.W. BAXLEY, INC.'S MOTION TO WITHDRAW
THE REFERENCE TO PERMIT JURY TRIAL AS TO BAXLEY**

Defendant, K.W. Baxley, Inc ("Baxley"), by and through undersigned counsel, pursuant to 28 U.S.C. §157, Local Bankruptcy Rule 5011-1 (M.D. Fla.), and other

applicable law, hereby moves this Court to withdraw the reference of the above styled adversary proceeding only as it relates to the allegations against Baxley: In support hereof, Baxley states:

**PROCEDURAL HISTORY**

Defendant filed its case herein on October 01, 2003. The present adversary was filed October 22, 2004, against multiple defendants on separate sets of transfers. In its answer dated November 24, 2004, Baxley timely demanded a jury trial as to the allegations affecting it.

The need to withdraw reference in this matter is for the reason that jury trial is properly demanded herein by Baxley, and Bankruptcy Judge Williamson at a preliminary pretrial in this matter indicated that the Bankruptcy Court has neither the time nor the resources to conduct a jury trial of this matter at this time. Only the separate and limited issues affecting Baxley need be separately tried before a jury and may be severed from the remainder of the defendants in the adversary proceeding. This motion is filed following Judge Williamson's direction to do so, although it is not filed within the customary time of LBR 5011-1(b)(2). Such time limit is not jurisdictional and consideration of this motion is important for reasons suggested by the Bankruptcy Court and should be authorized by the "All Writs" power of the Court.

**CERTIFICATE OF GOOD FAITH**

Pursuant to Local Rule 3.01(g), Defendants' counsel has been contacted with respect to the relief sought in this Motion and, to date, we have been unable to agree on

the resolution of this matter. Baxley would consent to a formal or informal attempt to mediate the issues involved.

## MEMORANDUM OF LAW IN SUPPORT OF WITHDRAWING REFERENCE

### I. FACTUAL HISTORY

Defendant filed its Chapter 11 on October 1, 2003 and sued Baxley, along with other defendants in this adversary on October 22, 2004. Baxley timely demanded a jury trial on all issues so triable. The Baxley issues are distinct from those affecting all other defendants, except insolvency, *vel non*, of the Debtor at the date of each transfer.

### II. LEGAL ARGUMENT AND CITATIONS TO AUTHORITIES

#### A. Withdrawal Of The Reference.

United States District Courts have original, though not exclusive, subject matter jurisdiction of all Bankruptcy Code cases pursuant to 28 U.S.C. §1334(a). District Court jurisdiction extends to all civil proceedings "arising under" and "arising in or related to" bankruptcy court jurisdiction over cases involving a debtor. 28 U.S.C. §157(a). Because the District Court has original jurisdiction over all bankruptcy cases, it may withdraw, in whole or in part, any case or proceeding referred under this section, on its motion or on timely motion of any party, for cause shown. 28 U.S.C. §157(d). The District Court shall, on timely motion of a party, withdraw a proceeding if the District Court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce *See Id.* Furthermore, a proceeding is subject to permissive withdrawal of the reference

regardless of whether it is a core or a non-core proceeding. *See In Re: White Motor Corp.*, 42 B.R. 693 (N.D. Oh. 1984).

### B. This Proceeding Is Appropriate For Permissive Withdrawal Of The Reference.

In the exercise of its discretion, District Courts may withdraw, in whole or in part, any case or proceeding referred under this section, on its motion or on motion of any party, for cause shown. 28 U.S.C. §157(d). In deciding whether to permissively withdraw the reference, District Courts may consider the following factors: whether the matter is core or non-core, whether uniformity in bankruptcy administration will be served, reducing forum shopping, fostering effective use of resources, expediting the bankruptcy process; and, whether a jury trial was demanded. *See Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985); *In re Kenai Corp.*, 136 B.R. 59 (Bankr. S.D.N.Y. 1992).

In this instance, good cause exists for permissive withdrawal of the reference. The proceeding at issue is core, involving assertion by the Debtor of preference claims under the Bankruptcy Code. Its determination in District Court will efficiently provide a forum for a matter not practically triable in the local Bankruptcy Court, one of the busiest in the nation, with this District presently having over 50,000 new bankruptcy cases filed each year. Moreover, withdrawing the reference in this matter will foster the effective use of resources because the case can be tried where jury trials are well established in procedure and thus will conserve judicial resources.

### III.  CONCLUSION

As a result of the foregoing, it is appropriate for this Court to withdraw the reference and server the issues involved in attached adversary proceeding as to Baxley and to try them before the District Court under 28 U.S.C. §157 and other applicable law.

Respectfully submitted,

_____
William Knight Zewadski
Florida Bar No. 0121746
TRENAM, KEMKER, SCHARF, BARKIN,
 FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Post Office Box 1102
Tampa, Florida  33601-1102
(813) 223-7474; (813) 229-6553 (Facsimile)
**Attorneys for K.W. Baxley, Inc.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant K.W. Baxley, Inc.'s Motion to Withdraw the Reference to Permit Jury Trial as to Baxley, has been furnished by **Facsimile and U.S. mail**, to **David S. Jennis, Esquire, Chad S. Bowen, Esquire, and Ryan S. Marsteller, Esquire,** 400 N. Ashley Drive, Suite 2540, Tampa, Florida 33602, this __18__ day of March, 2005.

_____
Attorney